Charles Chapman, Appellee, v. Gustave Meiling et al., Appellants.

## Gen. No. 14,456.

1. EVIDENCE—*burden of proof to show payment.* A party who by way of defense to an action seeks to obtain a credit for a particular item is bound to assume and prove by a preponderance of the evidence that he is entitled to such credit.

2. CONTRACTS—*when contractor not bound by specifications.* If an architect having charge of the construction of a building permits sets of specifications to go out of his office to be used for the purpose of making estimates which differ from other specifications claimed as the originals, the contractor may rely upon and recover upon the basis of the specifications employed by him in making his estimates.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed and judgment in this court. Opinion filed March 9, 1909.

S. J. LUMBARD and H. W. KUETEMEYER, for appellants.

HAMILTON & HAMILTON, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Appellee, Charles Chapman, brought this action in the Municipal Court of Chicago, against appellants, Gustave Meiling and Frederick W. Walthier, to recover a balance due on several different building subcontracts between them and for extra work and materials, amounting in all to $1,504.26. A trial was had before the court without a jury and the court found the issues for the plaintiff and assessed his damages at $1,015. After overruling a motion for new trial and a motion in arrest of judgment, the court rendered judgment on its finding, from which this appeal is prosecuted.

The assignments of error and the arguments of counsel present three items of controversy, the first of which is a charge of $27 for a bill of Furst & Fanning paid by appellants and charged by them to appellee on the ground that appellee ought to have paid it, and that he agreed with appellants that it was properly chargeable to him. This amount was for recutting some old stone on what is called in the record the Ebart contract.

Appellant Walthier testified to a conversation with appellee in regard to this item in which he says he told appellee that Furst & Fanning had presented a bill for the item and that it belonged to appellee's contract; that he asked appellee if he, the witness, was to pay the bill and Chapman replied, "I suppose so", and that the witness then paid the bill. The witness further testified that the first he knew that Chapman objected to its being a proper charge against him was at the time they came together to make a final settlement and he objected to it and said it was not in the specifications, or in his contract. The contract between the parties was not offered in evidence, but

reliance was had on the trial on the promise of appellee, Chapman, to pay the bill.

Appellee, Chapman, denied the conversation testified to by Walthier and denied that he ever agreed or consented to pay the claim or that it was a part of his contract.

Inasmuch as appellants were seeking to obtain credit for this item in their accounts with appellee, a statement of which was offered in evidence, the burden of proof was upon them under the state of the evidence in the record. We are of the opinion upon the evidence that appellants failed to sustain this item or claim by a preponderance of the evidence. The trial court therefore correctly disallowed this item to appellants.

The second item in controversy here is for $218.95 which appellants have retained and held out of the contract price between appellants and appellee for the masonry work on the Ward building on Lake avenue and Forty-seventh street, Chicago.

Appellee offered in evidence on the trial a statement rendered by appellants to appellee some time prior to the trial, showing a credit to appellee of $4,475, the entire contract price on the Ward building. It was agreed between the parties at the trial that this statement was correct with the exception of the three or four items in dispute. The item now under consideration appears in that statement as a charge against appellee as follows: "In abeyance amount of deduction claimed by Richard E. Schmidt, Arch't., on account for masonry for A. Montgomery Ward's Bldg., $218.95."

Appellee contends that appellants are not entitled to retain this amount from the contract price for two reasons: (1) because it was not a part of appellee's contract to support the wall of the adjoining building, and (2) admitting it was a part of appellants' contract, the expense of sustaining the wall was voluntarily paid by Mr. Ward and the adjoining owner, and

was not charged against appellants, but that this amount was alleged to have been paid by Mr. Ward for damages done to the adjoining building in the course of the construction of the Ward building, and not for supporting the wall, and therefore is a matter with which appellee has nothing to do.

The record shows that two sets of specifications were offered in evidence, both issued by the architect Schmitt. Appellee offered in evidence the set on which he figured when the contract with appellants was made and which was used in doing the work. In this set it is provided in reference to the adjoining wall, "Notify the neighbors to protect their foundation walls, footings, etc., and do not allow water or sand to run from under their foundations." Appellants offered in evidence the office copy of the specifications of Mr. Schmitt which had been in his office all the time until a few weeks before the trial, when appellants obtained it. This copy contained a provision as follows: "If the neighbor to the south does not support his house promptly the contractor shall do so, so as not to delay the progress of the work."

The evidence does not show and it is not contended that appellee had this set of specifications before him when he figured on the work and the contract was made. The evidence shows that it always remained in the architect's office; that there were several sets of specifications out and that appellee made his estimates on the work in appellants' office. The evidence shows further that the set of specifications offered in evidence by appellee was used by both parties on the work while it was in progress. The architect, Schmitt, testified that the set used by appellee was prepared by him, and that some one in his office must have given it out; that the sets of specifications were made up at different times; the first specifications were made up about two years before the building was erected and later quite a number of corrections and additions were made.

If the architect permitted sets of specifications to go out from his office and to be used for the purpose of making estimates and in the actual construction of the building which differed in their provisions from his office copy, we think the responsibility for any mistakes or omissions in them cannot be placed upon appellee. He cannot be held to the provisions of specifications which he never saw or used. It would be an imposition and a fraud upon him to furnish him with one set of specifications on which to base his figures and make his contract, and then hold him bound by another set which contained provisions not to be found in the specifications furnished him. We are compelled to hold on the evidence that appellee's contract did not require him to support and sustain the wall of the adjoining building, and that appellee was right in declining to do what his contract did not require him to do.

Assuming, however, that it was the duty of appellee, under his contract, to support the wall of the adjoining building, the evidence in the record fails to show, in our opinion, that the $218.95 was necessarily expended by appellants in supporting the wall, or that said amount was actually paid for that purpose alone. Nor does the evidence show that it was reasonably worth that amount to support the wall. We conclude therefore that the judgment of the trial court in allowing to appellee this item was correct.

The third item in controversy between the parties arises upon the cross-errors of appellee. It is contended by appellee that the trial court erred in refusing to allow to him the claim or item of $157 for extra work done on the Saddle & Cycle Club contract.

As in the Ward contract there was a difference between the specifications furnished to appellee and upon which he made his sub-contract with appellants, and those under which appellants were working. It appears from the evidence that the specifications of-

fered and received in evidence embraced specifications for all the different trades, but divided into separate specifications for each particular trade and are bound together in a large document. At the foot of the document was fastened what is entitled, "Addenda Specifications Saddle & Cycle Club, December 27, 1905." This was at the extreme end behind the plumbers, steam-fitters, masons and every other trade. Appellant Meiling testified that this was added to the specifications and their contract as an extra before appellee signed his contract, and he called appellee's attention to it especially for that reason. He also testified: "We signed up the contract with the Saddle & Cycle Club about three days after Chapman signed his. Just about two days before we signed our contract, this last page was added to the specifications. Chapman's contract with us was signed on the 30th of December."

Appellant Walthier testified that he had nothing to do with the making of the contract with appellee, but some time after the contract was made and the work under it was started, he had a dispute with appellee over the question whether what the "addenda" contained was included in his contract, and then pointed out to appellee the last page which had a reference in it to the brick terrace which was to be as marked on the plans. Appellee denied ever having seen the "addenda" until he tried to get a settlement after the work was done; and denied that Meiling ever told him about it being attached before the contract was signed, and that Walthier ever pointed it out to him as he testified.

The mason specifications which appear in the record and upon which appellee made his figures according to his testimony contain the following: "Terrace: Terrace not included in this contract." These specifications were produced by appellants upon notice from appellee and were offered in evidence by appellee. Appellant put in evidence the last page at the foot of

all the specifications above referred to. This page contains the following: "Brick Terrace: To be as marked on plan. Brick to be a $14.00 per M. vitrified paver laid flatwise with cement joints in regular band over a 6″ cinder foundation. Do all necessary filling with sand to bring terrace to level shown on plans. Sand base to be no less than 12″ thick at any point."

The evidence shows that appellee on April 4, 1906, made an estimate for appellants offering to lay this pavement for $157, and gave it to appellant Walthier. Nothing appears to have been done about this particular matter until the repairs on the club house were near completion and the club desired to open the club house on a certain Saturday, and on the Monday previous appellants ordered appellee to proceed with the terrace work and complete it by Saturday. No question is made in the record as to the fact that appellee did the work. This is substantially conceded.

The evidence shows that a copy of the "Masonry Specifications" was made in the office of appellants and delivered to appellee and that he made his contract with appellants for the work described therein on the basis of the specifications so furnished him. This copy was used by appellee in doing the work. The copy was identified by appellee and by Fitzgerald, appellants' clerk who made it, sufficiently to entitle it to be received in evidence. The trial court erroneously excluded it when offered by appellee, but, inasmuch as the original specifications were admitted in evidence subsequently the error in excluding the copy furnished to and used by appellee was harmless.

From an examination of the evidence we are of the opinion that the item of work now in question was not included in the masonry specifications furnished to appellee by appellants and used by him in performing his work, and was not included in his contract with appellants. We are further of the opinion that having performed the work and furnished the materials at the request of appellants and upon their order appel-

418    APPELLATE COURTS OF ILLINOIS.

Yost Electric Mfg. Co. v. Cavanaugh-Darley Co., 147 App. 418.

lee is entitled to recover the amount of $157 therefor, upon the evidence in the record; and that the trial court erred in finding against appellee as to that item.

The judgment of the trial court is reversed and judgment is entered here in favor of appellee Charles Chapman and against appellants Gustave Meiling and Frederick W. Walthier for $1,172.09.

*Reversed and judgment in this court.*